UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| MICHAEL JERRMAR LEWIS, | |
| Plaintiff, | Civil Action No. 2: 21-116-KKC |
| V. | |
| SARAH ARNETTE, *et al*., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Jerrmar Lewis is an inmate confined at the Southeast State Correctional Complex in Wheelwright, Kentucky. Proceeding without an attorney, Lewis has filed an amended complaint pursuant to 42 U.S.C. § 1983. [R. 12]

By separate order the Court has granted Lewis's motion to proceed without prepayment of the filing fee. [R. 6] Thus, the Court must conduct a preliminary review of Lewis's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Lewis's amended complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Lewis's complaint relates to his conviction in the Kenton County (Kentucky) Circuit Court of three counts of Trafficking in a Controlled Substance in the First Degree-Heroin, Second

Offense, in violation of KRS 218A.1412.  *Commonwealth v. Michael Lewis*, No. 18-CR-1084 (Kenton Cir. Court 2018).[1]  Lewis was tried and convicted twice on these charges, first in March 2019, then again in October 2020.  After Lewis's March 2019 jury trial, his attorney (Nicholas Caprino, an Assistant Public Advocate) filed a motion to vacate the judgment on Lewis's behalf.  On August 1, 2019, the Circuit Court entered an order granting a new trial and relief from judgment.

In October 2020, Lewis was retried and convicted by a new jury.  In October 2020, the Circuit Court entered a judgment imposing the sentence recommended by the jury, which was a term of imprisonment of 32 years.  The judgment was affirmed on appeal to the Supreme Court of Kentucky.  *Lewis v. Commonwealth*, No. 2020-SC-0550-MR, 2022 WL 243935 (Ky. Jan. 20, 2022).

Lewis's amended complaint relates to the jury selection in his March 2019 trial (the first trial). Lewis alleges that Defendants Sarah Arnett (employed by the Kenton County Clerk of the Court), Rick Bowlin (employed by the Kenton County Sheriff), Lisa Aylor (a member of the jury pool), Rob Sanders (Kenton County Commonwealth Attorney), Caprino (Lewis's attorney), John Middleton (employed by the Kenton County Clerk of the Court), and Kenton County each committed fraud in connection with the jury selection process.  [R. 12]  Specifically, according to Lewis, on March 12, 2019, Arnette was witnessed "manipulating the jury selection by hand picking jury members in favor of the Commonwealth."  [R. 12]  Lewis claims that, in a note to the Kenton

---

[1]  The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts.  The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record."  *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

County Commonwealth Attorney, a witness stated that she observed Arnette set a card for one of the potential jury members (Aylor) off to the side and that Aylor's card was then selected. [*Id*.] Lewis states that Aylor was the girlfriend of Bowlin (who worked at the courthouse as a bailiff) and that Arnette then sent a text message to the Bowlin stating, "There you go, I picked your girlfriend!" [*Id*.] Lewis alleges that all of this was done to cause the defense to waste one of its peremptory strikes to strike Aylor as a potential juror. [*Id*.]

Lewis alleges that Bowlin knew of the alleged jury tampering and did not report it; Aylor failed to disclose her relationship with Bowlin during voir dire; the Commonwealth Attorney Rob Sanders acquiesced to Arnette's actions by failing to report her and being unwilling to prosecute her; Caprino (Lewis's attorney) waited a few days before notifying Lewis of the "fraud" and failed to investigate whether a re-trial was barred by double jeopardy; and Middleton (Arnette's supervisor) failed to report Arnette's actions and allowed the trial to continue. Lewis alleges that this conduct violated "his right to a fair and impartial jury under the Sixth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution; as well as his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution" and seeks monetary damages pursuant to 42 U.S.C. § 1983 in the amount of $1.45 million. [*Id*.] He sues each Defendant in both their individual and official capacities. [*Id*.]

After thoroughly reviewing Lewis's amended complaint, the Court concludes that it must be dismissed on initial screening for multiple reasons. First, Lewis's "official capacity" claims against the Defendants employed by Kenton County (Arnette, Bowlin, and Middleton) are construed as claims against Kenton County (also named as a Defendant). *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he

takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). However, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Lewis makes no allegation that the events about which he complains are the product of a county policy or custom, thus he fails to state a claim for relief against Kenton County, nor its employees acting in their "official" capacities. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). *See also Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Similarly, Lewis's "official capacity" claims against Sanders (the Commonwealth Attorney) and Caprino (the Assistant Public Advocate) are construed as claims against the Commonwealth Attorney's Office and the Kentucky Department of Public Advocacy, respectfully. However, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019). *See also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

4

Kentucky itself is plainly entitled to immunity, and the Commonwealth's Attorney Office also qualifies as an "arm of the state" for Eleventh Amendment purposes. *Joseph v. Office of Perry Cty. Com. Attorney*, No. 6:14-cv-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June 16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (internal quotation marks omitted). Similarly, the Kentucky Department of Public Advocacy is a state agency for Eleventh Amendment purposes. *See* Ky. Rev. Stat. 31.010; *Lowe v. Kentucky Court of Justice*, No. 2:14-cv-168-KKC, 2015 WL 1526410, at *3 (E.D. Ky. Apr. 2, 2015) (citing *Westermeyer v. Kentucky Dep't of Pub. Advocacy*, No. 2:10-cv-131-DCR, 2011 WL 830342, at *3 (E.D. Ky. Mar. 3, 2011)).

Lewis's claim against Sanders in his individual capacity as the Commonwealth Attorney fares no better, as it is barred by the absolute prosecutorial immunity enjoyed by prosecutors for their actions central to the judicial proceeding against defendants. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-46 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401-03 (6th Cir. 2011).

Lewis's claim against Caprino in his individual capacity also fails. In order to recover monetary relief in a § 1983 action, the plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County*, 454 U.S. at 325. Because Lewis's complaint is based upon Caprino's

5

performance of these traditional functions as counsel, Lewis fails to state a claim upon which relief can be granted against Caprino under § 1983.

Nor may Lewis bring a § 1983 claim against Aylor in her individual capacity, as he does not allege that Aylor is an official acting under color of state law.  Rather, Aylor appears to be a private citizen.  Civil rights claims under § 1983 may not be asserted against private citizens because they do not act "under color of law," meaning on behalf of the government.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  *See also Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("[T]here is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant.").

This leaves only Lewis's claims against Arnette, Bowlin, and Middleton in their respective individual capacities.  However, even if these claims were otherwise viable, Lewis's claims necessarily challenge the validity of his underlying conviction and sentence and are, therefore, precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Lewis's complaint seeks monetary relief from the Defendants based upon his allegation that the Defendants unlawfully tampered with the jury selection in his first trial in violation of his constitutional rights.  In *Heck*, the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (emphasis in original).  *See also McDonough v. Smith*, 139 S.Ct. 2149, 2158 (2019) ("There is not 'a complete and present cause of action,'…to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing.  Only once the criminal

6

proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*…will the statute of limitations begin to run.") (citations omitted).  Here, Lewis's "jury fraud" claim necessarily calls into question the validity of his conviction and his sentence and Lewis has not shown that his conviction and sentence have been invalidated, either on appeal or in a habeas corpus proceeding.  In fact, Lewis's conviction was recently upheld on appeal to the Kentucky Supreme Court.  *Lewis v. Commonwealth*, No. 2020-SC-0550-MR, 2022 WL 243935 (Ky. Jan. 20, 2022).

The fact that the Lewis was granted a new trial does not change this analysis, as Lewis was convicted after being retried and this conviction has not been reversed or declared invalid.  *See Akers v. Bishop*, 65 Fed. Appx. 952, 954 (6th Cir. 2003) (plaintiff "could not seek damages for his criminal convictions through a civil rights or RICO action," notwithstanding that the Kentucky Court of Appeals found error in both of his trials, because he "now stands convicted of the charges he claims were procured through a conspiracy among the defendants") (citations omitted).  *See also Brooks v. Worthy*, No. 2:11-CV-10741, 2011 WL 1748544, at *3 (E.D. Mich. May 2, 2011) (while plaintiff's convictions were vacated, the case was remanded for re-trial and he was subsequently re-convicted, thus he could not seek damages through a civil rights action) (collecting cases).

In *Heck*, the Supreme Court explained that the common-law cause of action for malicious prosecution provides the "closest analogy" to § 1983 damages claims that call into question the lawfulness of conviction or confinement, as "it permits damages for confinement imposed pursuant to legal process." *Heck*, 512 U.S. at 484.[2]  The Court explained that the requirement that a plaintiff

[2] In the analogous tort of malicious prosecution, "[b]oth the Sixth Circuit and Kentucky courts have looked to the Restatement (Second) of Torts § 660 for guidance on whether a proceeding was terminated in the accused's favor." *Hoskins v. Knox Cty., Kentucky*, No. CV 17-84-DLB-HAI,

allege and prove termination of a prior criminal proceeding in his or her favor in a malicious prosecution action "avoids parallel litigation over the issues of probable cause and guilt...and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)) (correction in original).

Thus, the Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id*. at 486.  While the Court recognized some circumstances where a successful § 1983 action would not necessarily imply that the plaintiff's conviction was unlawful (such as a suit for damages attributable to an allegedly unreasonable search), the Court further explained that, even in those cases "[i]n order to recover compensatory damages…, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury…, which we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id*. at 487 n. 7 (citations omitted).  As this is the only injury that Lewis could

---

2018 WL 1352163, at *9 (E.D. Ky. Mar. 15, 2018).  *See also Ohnemus v. Thompson*, 594 Fed.Appx. 864, 867 (6th Cir. 2014).  Section 660 of the Restatement specifically concludes that "[a] termination of criminal proceedings in favor of the accused other than by acquittal is *not* a sufficient termination to meet the requirements of a cause of action for malicious prosecution if…(d) new proceedings for the same offense have been properly instituted and have not been terminated in favor of the accused."  Restatement (Second) of Torts § 660 (1977) (emphasis added).

have sustained from the alleged improprieties with the selection of the jury in his first trial in light of his subsequent retrial and conviction, Lewis's claims are precluded by *Heck*.

For these reasons, Lewis may not bring his claims attacking the jury selection process in his first trial prior to showing that the criminal proceedings were ultimately terminated in his favor. As Lewis has not made this showing, Lewis's amended complaint fails to state a claim for which relief may be granted and will be dismissed on initial screening.

Accordingly, it is hereby **ORDERED** as follows:

1.     Lewis's Amended Complaint [R. 12] is **DISMISSED**.

2.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.     A corresponding Judgment will be entered this date.

This 10th day of February, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY